UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WIEDER AND FRIEDMAN ENTERPRISES
INC., INFINITE GENERATIONS INC.,
MOSHE FRIEDMAN, *and* YAKOV WIEDER,

                              Petitioners,

                    -v-

EXPLOREFIRST LLC *and* WHELE LLC,

                              Respondents.

25 Civ. 2089 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioners Wieder and Friedman Enterprises Inc. ("WF"), Infinite Generations Inc.

("IG"), Moshe Friedman, and Yakov Wieder (collectively, "petitioners") commenced this action

on March 13, 2025, by filing a petition to modify a December 16, 2024 arbitral award. Dkt. 1

("Petition") ¶¶ 3–4; *id.*, Ex. B ("Award"). The Award arose out of a contractual dispute between

petitioners, most of whom reside in New York, and their business partners Explorefirst LLC

("Explorefirst") and Whele LLC ("Whele"), which, as alleged, are wholly owned by a German

company. Petition ¶ 12. Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332,

petitioners alleged that the parties are diverse and that the amount in controversy exceeds

$75,000. *Id.*

Respondents move to dismiss for lack of subject-matter jurisdiction under Federal Rule

of Civil Procedure 12(b)(1), for want of diversity jurisdiction. Because, as this Court has

cautioned, *see* Dkt. 22, subject matter jurisdiction is required for the exercise of federal judicial

power, but the required diversity here is lacking, the Court grants the motion and dismisses the

action without prejudice to petitioners' right to bring a new action, consistent with that jurisdictional requirement.

## I.     Background[1]

### A.     Factual Background

#### 1.     Petitioners

WF is a New York corporation with a principal place of business in New York.  Petition ¶ 5.  Friedman and Wieder are citizens of New York.  *Id.* ¶¶ 6–7.  IG is a Delaware corporation with a principal place of business in Delaware.  *Id.* ¶ 6.

#### 2.     Respondents

WAC3 is the successor by merger to Explorefirst.  Resps. Reply at 1 (citing Dkt. 30, Ex. A).  It is a Delaware limited liability company ("LLC") that is wholly owned by Whele. Petition ¶ 9.

Whele is a Delaware LLC.  *Id.* ¶ 10.  It has two members, Perch Acquisition Co 50, LLC ("PAC50") and Razor Group Holdings II ("Razor").  Dkt. 33.  PAC50 has one member, Whele, and Razor is a Delaware corporation.  *Id.*  Razor, in turn, is wholly owned by a German company.  *See* Pets. Ltr.

### B.     Procedural Background

On March 13, 2025, petitioners moved to modify the arbitral award.  Dkt. 1.  On April 10, 2025, Whele and Whele Acquisition Co 3 LLC ("WAC3," and collectively "respondents"), the successor by merger to Explorefirst, moved to dismiss this action without

---

[1] This factual account draws from the Petition, Dkt. 1, and the materials submitted by the parties, Dkts. 26 ("Pets. Ltr."), 30 ("Resps. Mem."), 31 ("Pets. Opp."), 33 ("Resps. Reply"). *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

prejudice for lack of jurisdiction. Dkt. 19. The following day, respondents filed their corporate disclosure statement setting forth their corporate ownership structure pursuant to Federal Rule of Civil Procedure 7.1. Dkt. 20. On April 11, 2025, petitioners asserted that, without additional evidence, respondents' claim that diversity was lacking was insufficient; they separately requested that if the action were dismissed, for the Court to do so without prejudice. Dkt. 21. That same day, the Court ordered the parties to file letters detailing the citizenship of all parties with supporting affidavits, stating that, if diversity were found lacking, it would dismiss the action without prejudice for lack of subject matter jurisdiction. Dkt. 22.

On April 23, 2025, petitioners filed a letter that, *inter alia*, conceded that one of Whele's two members, Razor, is a Delaware citizen. Dkt. 26 at 2. On April 29, 2025, respondents filed a memorandum of law, Dkt. 30, and a supporting affidavit with attached exhibits, Dkt. 30-1. On May 2, 2025, petitioners opposed. Dkt. 31. On May 8, 2025, respondents filed a reply, Dkt. 33, and a supplemental affidavit with an attached exhibit, Dkt. 33-1.

## II.    Discussion

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, petitioners articulate one basis for subject matter jurisdiction: diversity jurisdiction. "[D]iversity jurisdiction exists over civil actions (1) between 'citizens of different States' and (2) between 'citizens of a State and citizens or subjects of a foreign state.'" *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (quoting 28 U.S.C. § 1332). Diversity jurisdiction "is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Id.* "Therefore, in a case with multiple defendants, if a single defendant is

from the same state as the plaintiff, the district court loses diversity jurisdiction over the entire action." *Phoenix Four, Inc. v. Strategic Rsch. Corp.*, 446 F. Supp. 2d 205, 212 (S.D.N.Y. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). For diversity purposes, a corporation "is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). And an LLC "takes the citizenship of each of its members." *Id.* at 49.

Petitioners asserted that diversity jurisdiction existed because Whele and Explorefirst were both Delaware LLCs owned by a German corporation. Petition ¶¶ 9–10. But, as respondents correctly explained, *see* Resps. Mem.; *id.*, Exs. A–D; Resps. Reply; Dkts. 19–20, as Delaware LLCs, each takes on the citizenship of each of its members, which, in turn, are also Delaware entities. *See* Resps. Reply. That, alone, is determinative. Because these respondents are citizens of the same state as petitioner IG, diversity jurisdiction is lacking, as such exists only when all adverse parties to a litigation are completely diverse in their citizenships. *See* 28 U.S.C. § 1332; *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 496 (S.D.N.Y. 2021) (citing *Herrick*, 251 F.3d at 322). The Court therefore dismisses petitioners' claims, without prejudice to petitioners' right to bring a new action with a proper basis for subject matter jurisdiction. *See, e.g.*, *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024); *Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) ("Our precedent instructs that when a court dismisses for lack of subject-matter jurisdiction, that dismissal must be without prejudice."); *Curley*, 915 F.2d at 83.

The Clerk of Court is respectfully directed to close all pending motions and to dismiss this action without prejudice.

4

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: May 22, 2025
      New York, New York